IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

Case No. ___8:22-cv-1258___

STEVEN MARKOS,

     Plaintiff,

v.

THE BIG AND WILD OUTDOORS LLC,

     Defendant.

_____

## COMPLAINT

Plaintiff Steven Markos ("Plaintiff") sues defendant The Big and Wild Outdoors LLC ("Defendant"), and alleges as follows:

### THE PARTIES

1. Plaintiff is an individual who is a citizen of the State of Georgia.

2. Defendant is a limited liability company organized and existing under the laws of the State of Florida with its principal place of business located at 681 72nd Ave, St. Petersburg, FL 33702. Defendant's agent for service of process is Braden Brosig, 681 72nd Ave, St. Petersburg, FL 33702.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because it has maintained sufficient minimum contacts with Florida such that the exercise of personal jurisdiction over it would not offend traditional notions of fair play and substantial justice. As described more fully

herein, Defendant regularly does or solicits business in this state.

5.      Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendants or their agents reside or may be found in this district.  "In other words, 'if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper.'"  McGregor v. In Tune Music Grp., No. 15-62044-CIV-ZLOCH, 2016 U.S. Dist. LEXIS 190302, at *11 (S.D. Fla. July 29, 2016) (quoting Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd., 767 F. Supp. 181, 185 (N.D. Ill. 1991).

## FACTS

### I.      Plaintiff's Business

6.      Plaintiff is a well-known and highly regarded photographer and writer who operates the National Park Planner website (https://npplan.com/), which is perhaps the most comprehensive private source of reviews/information on America's national parks based on Plaintiff's actual visits thereto.

7.      Plaintiff has invested more than 20,000 hours of his own time and more than $30,000.00 of his own money traveling to and cataloguing America's national parks.

8.      Plaintiff began working as a photographer in high school and has honed his craft since that time.  His photographs have been displayed in the Atlanta High Museum of Art and his photography/video clients include (amongst many others) Walmart, Lonely Planet, Blue Cross Blue Shield of North Carolina, Florida International University, University of Wisconsin, JW Marriott, Berkshire Hathaway Home Services, Peachtree Software, US Bankcard, USA Volleyball, the National Society of High School Scholars, and Working Mother Magazine.

9.      Plaintiff's National Park Planner website gets over 50,000 readers each month during the summer and approximately 25,000 readers each month in the winter

## II.    The Work at Issue in this Lawsuit

10.    In 2016, Plaintiff created a professional photograph of the Pine Flatwoods at Canaveral National Seashore titled "Canaveral-044." (the "Work").  Consistent with Plaintiff's general practices, the Work contains (in the bottom right corner) Plaintiff's copyright management information as follows: "© 2016 STEVEN L. MARKOS."  A copy of the Work is exhibited below.



11.    The Work was registered by Plaintiff with the Register of Copyrights on November 3, 2016 and was assigned Registration No. VA 2-022-927.  A true and correct copy of the Certification of Registration pertaining to the Work is attached hereto as **Exhibit "A."**

12.    Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

## III.    Defendant's Unlawful Activities

13.    Defendant is an outdoor radio show that broadcasts on multiple outlets including Apple iTunes.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

14.     Defendant primarily advertises/markets its services through its website (http://www.bigandwild.com/home.html),                     social                media                (e.g. https://www.facebook.com/Bigandwild) , and other forms of advertising.

15.     On a date after Plaintiff's above-referenced copyright registration of the Work, Defendant published the Work on its business website (at http://www.bigandwild.com/home.html):



16.     A true and correct copy of screenshots of Defendant's website displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

17.     Defendant is not and has never been licensed to use or display the Work.  Defendant never contacted Plaintiff to seek permission to use the Work in connection with its business or for any other purpose – even though the Work that was copied clearly displayed Plaintiff's copyright

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

management information and put Defendant on notice that the Work was not intended for public use.

18.     Defendant utilized the Work for commercial use – namely, in connection with the marketing of Defendant's business.

19.     Upon information and belief, Defendant located a copy of the Work on the internet (with the copyright management information still intact) and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

20.     Through his ongoing diligent efforts to identify unauthorized use of his photographs, Plaintiff discovered Defendant's unauthorized use/display of the photograph in November 2021.  Following Plaintiff's discovery of the photograph, Plaintiff notified Defendant in writing of such unauthorized use.  To date, Plaintiff has been unable to negotiate a reasonable license for the past/existing infringement of his Work.

## COUNT I – COPYRIGHT INFRINGEMENT

21.     Plaintiff re-alleges and incorporates paragraphs 1 through 20 as set forth above.

22.     The Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

23.     Plaintiff owns a valid copyright in the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

24.     As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on its business website.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

25.   Defendant reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

26.   By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for its own commercial purposes.

27.   Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright.  Notably, Defendant itself utilizes a copyright disclaimer on its website ("THE BIG & WILD OUTDOORS © 2013"), indicating that Defendant understands the importance of copyright protection and intellectual property rights.

28.   Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

29.   Plaintiff is entitled to recover his actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

30.   Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

31.   Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover his costs and attorneys' fees as a result of Defendant's conduct.

32.   Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by the Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a.  A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b.  A declaration that such infringement is willful;

c.  An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Work;

d.  Awarding Plaintiff his costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e.  Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f.  Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g.  For such other relief as the Court deems just and proper.

## COUNT II – REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

33.  Plaintiff re-alleges and incorporates paragraphs 1 through 20 as set forth above.

34.  As evidenced above, the Work contains copyright management information identifying Plaintiff as the owner/creator of the Work.

35.  Defendant knowingly and with the intent to enable or facilitate copyright infringement, removed the copyright management information from the Work in violation of 17 U.S.C. § 1202(b).  Defendant did not simply recklessly copy the Work in a pre-altered state – Defendant itself deliberately caused the copyright management information to be removed.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

36.     Defendant committed these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate, or conceal infringement of Plaintiff's rights in the Work.

37.     If Defendant did not remove the copyright management information itself, Defendant caused, directed, and authorized others to commit these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate, or conceal infringement of Plaintiff's rights in the Work.

38.     As a direct and proximate result of Defendant's conduct in removing the foregoing copyright management information, Plaintiff has been damaged.

39.     Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by the Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 1203(b), Plaintiff is entitled to a permanent injunction prohibiting any further violation of 17 U.S.C. § 1202 by Defendant.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has violated Plaintiff's copyrights in the Work by removing or causing to be removed Plaintiff's copyright management information displayed thereon;

b. A declaration that such violation is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $25,000.00 for each infringement of the Work;

d. Awarding Plaintiff his costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 1203(b)(5);

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

f.  Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly further violating Plaintiff's copyrights by further displaying or distributing the Work with its copyright management information removed; and

g.  For such other relief as the Court deems just and proper.

## Demand For Jury Trial

Plaintiff demands a trial by jury on all issued so triable.

Dated: June 1, 2022.


COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com
james@copycatlegal.com

By: /s/ Daniel DeSouza, Esq._____
        Daniel DeSouza, Esq.
        Florida Bar No.:  19291
        James D'Loughy, Esq.
        Florida Bar No.: 0052700

EXHIBIT "A"

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Kayla Leigh Claggett*

Acting United States Register of Copyrights and Director

**Registration Number**

## VA 2-022-927

**Effective Date of Registration:**
November 03, 2016

---

## Title

**Title of Work:** Group Registration Photos, National Park Planner, published January 1, 2016 to October 20, 2016; 2064 photos

**Content Title:** Fort-Caroline-01 to Fort-Caroline-12, January 1, 2016; Fort-Caroline-14 to Fort-Caroline-25, January 1, 2016; Fort-Caroline-27 to Fort-Caroline-33, January 1, 2016

Timucuan-01, January 8, 2016; Timucuan-03 to Timucuan-09, January 8, 2016; Timucuan-12 to Timucuan-32, January 8, 2016; Timucuan-34 to Timuncuan-45, January 8, 2016; Timucuan-47 to Timuncuan-81, January 8, 2016

Biscayne-001 to Biscayne-033, January 14, 2016; Biscayne-035 to Biscayne-041, January 14, 2016; Biscayne-043 to Biscayne-047, January 14, 2016; Biscayne-050 to Biscayne-054, January 14, 2016; Biscayne-056 to Biscayne-060, January 14, 2016; Biscayne-062 to Biscayne-067, January 14, 2016; Biscayne-070 to Biscayne-074, January 14, 2016

Dry-Tortugas-01 to Dry-Tortugas-40, January 21, 2016; Dry-Tortugas-45 to Dry-Tortugas-49, January 21, 2016; Dry-Tortugas-51 to Dry-Tortugas-81, January 21, 2016

Gulf-Island-FL-001 to Gulf-Island-FL-032, February 19, 2016; Gulf-Island-FL-037 to Gulf-Island-FL-069, February 19, 2016; Gulf-Island-FL-071 to Gulf-Island-FL-108, February 19, 2016; Gulf-Island-FL-110 to Gulf-Island-FL-118, February 19, 2016; Gulf-Island-FL-121 to Gulf-Island-FL-133, February 19, 2016; Gulf-Island-FL-135 to Gulf-Island-FL-137, February 19, 2016; Gulf-Island-FL-139 to Gulf-Island-FL-158, February 19, 2016; Gulf-Island-FL-160 to Gulf-Island-FL-162, February 19, 2016; Gulf-Island-FL-164 to Gulf-Island-FL-169, February 19, 2016; Gulf-Island-FL-171 to Gulf-Island-FL-221, February 19, 2016; Gulf-Island-FL-223 to Gulf-Island-FL-227, February 19, 2016; Gulf-Island-FL-229, February 19, 2016; Gulf-Island-FL-231, February 19, 2016; Gulf-Island-FL-233 to Gulf-Island-FL-244, February 19, 2016; Gulf-Island-FL-246 to Gulf-Island-FL-248, February 19, 2016; Gulf-Island-FL-250 to Gulf-Island-FL-299, February 19, 2016

Gulf-Island-MS-001 to Gulf-Island-MS-005, February 19, 2016; Gulf-Island-MS-007 to Gulf-Island-MS-075, February 19, 2016; Gulf-Island-MS-080 to Gulf-Island-MS-088, February 19, 2016

Everglades-001 to Everglades-026, March 17, 2016; Everglades-028 to Everglades-039, March 17, 2016; Everglades-044 to Everglades-107, March 17, 2016; Everglades-109 to Everglades-133, March 17, 2016; Everglades-135 to Everglades-213, March 17, 2016; Everglades-215 to Everglades-240, March 17,

2016; Everglades-242 to Everglades-248, March 17, 2016; Everglades-250 to Everglades-339, March 17, 2016; Everglades-341 to Everglades-381, March 17, 2016

Canaveral-001 to Canaveral-004, April 2, 2016; Canaveral-006 to Canaveral-016, April 2, 2016; Canaveral-018 to Canaveral-045, April 2, 2016; Canaveral-047 to Canaveral-073, April 2, 2016; Canaveral-075 to Canaveral-099, April 2, 2016; Canaveral-101 to Canaveral-133, April 2, 2016; Canaveral-135 to Canaveral-181, April 2, 2016

Cumberland-Island-001, June 13, 2016; Cumberland-Island-002, June 13, 2016; Cumberland-Island-004 to Cumberland-Island-006, June 13, 2016; Cumberland-Island-009 to Cumberland-Island-035, June 13, 2016; Cumberland-Island-037 to Cumberland-Island-044, June 13, 2016; Cumberland-Island-046 to Cumberland-Island-057, June 13, 2016; Cumberland-Island-059 to Cumberland-Island-229, June 13, 2016; Cumberland-Island-231 to Cumberland-Island-236, June 13, 2016; Cumberland-Island-238 to Cumberland-Island-272, June 13, 2016; Cumberland-Island-274 to Cumberland-Island-279, June 13, 2016

Fort-Pulaski-002 to Fort-Pulaski-027, June 23, 2016; Fort-Pulaski-029 to Fort-Pulaski-033, June 23, 2016; Fort-Pulaski-035 to Fort-Pulaski-090, June 23, 2016

Fort-Frederica-001 to Fort-Frederica-003, June 30, 2016; Fort-Frederica-005, June 30, 2016; Fort-Frederica-007 to Fort-Frederica-020, June 30, 2016; Fort-Frederica-022 to Fort-Frederica-028, June 30, 2016; Fort-Frederica-030 to Fort-Frederica-040, June 30, 2016; Fort-Frederica-042, June 30, 2016; Fort-Frederica-043, June 30, 2016

Colonial-001 to Colonial-015, July 14, 2016; Colonial-017, July 14, 2016; Colonial-018, July 14, 2016; Colonial-020 to Colonial-025, July 14, 2016; Colonial-027 to Colonial-046, July 14, 2016; Colonial-048 to Colonial-094, July 14, 2016; Colonial-096 to Colonial-099, July 14, 2016; Colonial-101 to Colonial-125, July 14, 2016; Colonial-127 to Colonial-138, July 14, 2016; Colonial-140 to Colonial-167, July 14, 2016

Washington-Birthplace-01 to Washington-Birthplace-32, July 27, 2016; Washington-Birthplace-34 to Washington-Birthplace-56, July 27, 2016

Thomas-Stone-001 to Thomas-Stone-033, August 25, 2016

White-House-001 to White-House-005, September 21, 2016; White-House-007, September 21, 2016; White-House-009 to White-House-050, September 21, 2016; White-House-055, September 21, 2016; White-House-057 to White-House-069, September 21, 2016; White-House-071, September 21, 2016

Mall-001 to Mall-038, September 29, 2016; Mall-042 to Mall-065, September 29, 2016; Mall-067 to Mall-086, September 29, 2016; Mall-088 to Mall-094, September 29, 2016; Mall-096 to Mall-114, September 29, 2016

Fords-Theatre-NPPSMARKOS-001 to Fords-Theatre-NPPSMARKOS-017, October 13, 2016; Fords-Theatre-NPPSMARKOS-019, October 13, 2016; Fords-Theatre-NPPSMARKOS-020, October 13, 2016; Fords-Theatre-NPPSMARKOS-022 to Fords-Theatre-NPPSMARKOS-024, October 13, 2016; Fords-Theatre-NPPSMARKOS-026 to Fords-Theatre-NPPSMARKOS-031, October 13, 2016; Fords-Theatre-NPPSMARKOS-033 to Fords-Theatre-NPPSMARKOS-038, October 13, 2016

Maggie-Walker-NPPSMARKOS-001, October 17, 2016; Maggie-Walker-NPPSMARKOS-002, October 17, 2016; Maggie-Walker-NPPSMARKOS-004

to Maggie-Walker-NPPSMARKOS-032, October 17, 2016

Frederick-Douglass-NPPSMARKOS-001 to Frederick-Douglass-NPPSMARKOS-004, October 19, 2016; Frederick-Douglass-NPPSMARKOS-006 to Frederick-Douglass-NPPSMARKOS-021 October 19, 2016

Bethune-NPPSMARKOS-001 to Bethune-NPPSMARKOS-011, October 20, 2016

## Completion/Publication

| | |
|---|---|
| **Year of Completion:** | 2016 |
| **Date of 1st Publication:** | January 01, 2016 |
| **Nation of 1st Publication:** | United States |

## Author

| | |
|---|---|
| • **Author:** | Steven LaMont Markos |
| **Author Created:** | photograph |
| **Work made for hire:** | No |
| **Citizen of:** | United States |
| **Domiciled in:** | United States |
| **Year Born:** | 1964 |

## Copyright Claimant

| | |
|---|---|
| **Copyright Claimant:** | Steven LaMont Markos |
| | 2606 Waters Edge Trail, Roswell, GA, 30075, United States |

## Rights and Permissions

| | |
|---|---|
| **Name:** | Steven Markos |
| **Email:** | info@npplan.com |
| **Telephone:** | (404)652-0532 |
| **Address:** | 2606 Waters Edge Trail |
| | Roswell, GA 30075 United States |

## Certification

| | |
|---|---|
| **Name:** | Steven LaMont Markos |
| **Date:** | November 03, 2016 |

EXHIBIT "B"

