UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEVEN MARKOS,

        Plaintiff,

v.                              Case No. 8:22-cv-1258-KKM-AEP

THE BIG AND WILD OUTDOORS LLC,

        Defendant.

_____/

## REPORT AND RECOMMENDATION

This cause comes before the Court upon Plaintiff Steven Markos' ("Plaintiff") Motion for Default Judgment ("Motion") (Doc. 12). By the Motion, Plaintiff seeks entry of a default judgment pursuant to Federal Rule of Civil Procedure 55, against Defendant The Big and Wild Outdoors LLC ("Defendant") based on Defendant's failure to answer the Complaint. For the reasons set forth below, it is recommended that Plaintiff's Motion be granted in part and denied in part.

### I.    Background

Plaintiff is a photographer and holds the copyright registration on the photograph titled "Canaveral-044" ("the Work") which depicts the Pine Flatwoods at Canaveral National Seashore (Doc. 1, ¶ 10). Plaintiff registered the Work with the Register of Copyrights on November 3, 2016 and was assigned registration number VA 2-022.927 (Doc. 1, ¶ 11; Doc. 1, at 11-13). In his Complaint, Plaintiff

alleges that Defendant, which is an outdoor radio show that broadcasts on multiple outlets, published the Work on its business website (Doc. 1, ¶¶ 11, 15). According to Plaintiff, Defendant is not and has never been licensed to use or display the Work (Doc. 1, ¶ 17). Plaintiff alleges that Defendant utilized the Work for commercial use in connection with marketing Defendant's business after Defendant located a copy of the Work on the internet (Doc. 1, ¶¶ 18-19). According to Plaintiff, he discovered Defendant's use of the Work in November 2021 and notified Defendant in writing of the unauthorized use (Doc. 1, ¶ 20).

On June 1, 2022, Plaintiff filed the Complaint against Defendant, which has its principal place of business in St. Petersburg Florida, for copyright infringement and removal of copyright management information ("CMI") (Doc. 1). Plaintiff served Defendant with process on June 15, 2022 (Doc. 6). Defendant failed to timely respond and on July 8, 2022, the Clerk of Court entered default against Defendant (Doc. 8). Subsequently, Plaintiff filed the present Motion for Default Judgment (Doc. 12).

## II.    Legal Standard

"When a defendant has failed to plead or defend, a district court may enter judgment by default." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015) (citing Fed. R. Civ. P. 55(b)(2)). Before entering default judgment, the court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations in the complaint, which are assumed to be true, adequately state a claim for which relief may be granted. *See Nishimatsu Constr. Co.*

2

*v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.").[1] Because the defendant is deemed to admit the plaintiff's well-pleaded allegations of fact following entry of a default under Rule 55(a), the court must ensure that the well-pleaded allegations in the complaint actually state a substantive cause of action and that a substantive, sufficient basis exists in the pleadings for the particular relief sought. *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (citation omitted).[2] If the allegations in the complaint, accepted as true, establish the defaulted defendant's liability, then the court should enter judgment against them. *See, generally, Chanel, Inc. v. besumart.com*, 240 F. Supp. 3d 1283, 1288-89 (S.D. Fla. 2016).

Courts assess pleadings in conjunction with a default judgment by a standard "akin to that necessary to survive a motion to dismiss for failure to state a claim." *Surtain*, 789 F.3d at 1245 (citation omitted). That is, a court may enter a default judgment only where a pleading contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[1] The Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[2] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). At all times, the decision to enter a default judgment remains within the court's discretion. *Hamm v. Dekalb County*, 774 F.2d 1567, 1576 (11th Cir. 1985).

If the plaintiff is entitled to default judgment, then the court must consider whether the plaintiff is also entitled to the relief requested. Notably, allegations regarding the amount of damages are not admitted by virtue of default. *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008) (citation omitted). Rather, the plaintiff bears the burden to demonstrate the amount of damages it contends the court should award, and the court determines the amount and character of damages to be awarded. *Id.* Though the court may hold an evidentiary hearing to determine an appropriate amount of damages, it is not required to do so, especially where, as here, the essential evidence is of record. *See Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911-12 (11th Cir. 2011) (noting that, when considering when to enter or effectuate a default judgment, the court maintains discretion regarding whether to conduct an evidentiary hearing to determine the amount of damages); *S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) ("Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone ... We have held that no such hearing is required where all essential evidence is already of record."); *Wallace*, 247 F.R.D. at 681 ("If a default judgment is warranted, the Court may hold a hearing for purposes of assessing damages. … However, a hearing is not necessary if sufficient evidence is submitted to support the request for damages."); *see also* Fed. R. Civ. P. 55(b)(2). Notwithstanding, a court must assure that a legitimate basis exists for any damage

4

award it enters. *See Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003).

### III.   Discussion

#### A. Subject Matter and Personal Jurisdiction

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as the claims are brought pursuant to federal statute. The Court also has personal jurisdiction over Defendant because Defendant is a corporation organized and existing in Florida, with its principal place of business in Florida (*see* Doc. 1, ¶¶ 3-5).

#### B. Service of Process

Defendant was properly served through service on Defendant's registered agent at the registered agent's address (Doc. 6). *See* Fed. R. Civ. P. 4(e)(2)(B) (2022). This constitutes proper service on the corporation under Florida law. *See* Fla. Stat. § 48.081. Defendant has not appeared in this matter or otherwise timely filed a response to the complaint, and the Clerk accordingly properly entered default against Defendant (Docs. 7, 8).

#### C. Liability

Plaintiff asserts two counts for liability against Defendant: copyright infringement pursuant to 17 U.S.C. § 101 *et seq.* (Count I) and removal of CMI pursuant to 17 U.S.C. § 1202(b) (Count II) (Doc. 1).

### i.  Copyright Infringement (Count 1)

In Count I, Plaintiff alleges that Defendant reproduced, distributed, and publicly displayed the Work for its own commercial purposes without authorization from Plaintiff, in violation of 17 U.S.C. § 501. To establish a claim of copyright infringement under § 501, a plaintiff must prove "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991); *see also Bateman v. Mnemonics, Inc.*, 79 F.3d 1532, 1541 (11th Cir. 1996).

To satisfy the first element, "a plaintiff must prove that the work ... is original and that the plaintiff complied with applicable statutory formalities." *Bateman*, 79 F.3d at 1541 (alterations in original) (quoting *Lotus Dev. Corp. v. Borland Int'l, Inc.*, 49 F.3d 807, 813 (1st Cir. 1995)). A "certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c). Once the plaintiff produces a certificate of registration, "the burden shifts to the defendant to demonstrate why the claim of copyright is invalid." *Bateman,* 79 F.3d at 1541. To satisfy the second element, a plaintiff must demonstrate the following: (1) "as a factual matter, the alleged infringer actually copied plaintiff's copyrighted material;" and (2) "the copying of copyrighted material was so extensive that it rendered the offending and copyrighted works substantially similar." *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1233 (11th Cir. 2010) (quoting *Lotus*, 49 F.3d at 813).

Plaintiff alleges that he owns a valid copyright to the Work and has attached to the Complaint what he asserts is a true and correct Certificate of Registration of the copyright (Doc. 1, ¶ 11; Doc. 1, at 9-11). The Certificate of Registration lists the date of the Work's first publication as April 2, 2016, and the Certificate was issued on November 3, 2016, well within the five-year period required by 17 U.S.C. § 410(c). (Doc. 1, at 9-10). Therefore, Plaintiff has made a *prima facie* showing of ownership which Defendant, by virtue of its default, has not contested. *See Bateman*, 79 F.3d at 1541.

With respect to the copying element, Plaintiff alleges that Defendant copied and published the Work on Defendant's website, such that the website image and the Work were unequivocally the same (Doc. 1, ¶¶ 10, 15, 25). Plaintiff has also attached screenshots of Defendant's website showing the version of the image published on its website (Doc. 1, at 15), along with an image of the Work (Doc. 1, ¶ 10). These allegations and evidence, which must be accepted as true, and which Defendant has not challenged by virtue of its default, are sufficient to establish that Defendant copied and used a substantially similar version of the Work without Plaintiff's permission. *See Latimer*, 601 F.3d at 1233 (copying element was satisfied where defendants distributed and published digital copies of plaintiff's photographs which were indistinguishable from the originals).

Accordingly, the undersigned finds that Plaintiff has established Defendant's liability for copyright infringement in violation of 17 U.S.C. § 501(a).

### ii.  Removal of Copyright Management Information (Count II)

In Count II, Plaintiff alleges that Defendant removed the CMI from the Work in violation of 17 U.S.C. § 1202(b). Pursuant to § 1202(b)(1), "[n]o person shall, without the authority of the copyright owner or the law—intentionally remove or alter any copyright management information." Pursuant to the statute, "copyright management information" includes, as relevant here: (1) "the title and other information identifying the work, including the information set forth on a notice of copyright;" (2) "the name of, and other identifying information about, the author of a work;" and (3) "the name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright." 17 U.S.C. § 1202(c)(1)-(3).

Plaintiff alleges that Defendant knowingly and with the intent to enable or facilitate copyright infringement, removed the CMI from the Work (Doc. 1, ¶¶ 35-36). According to Plaintiff, the Work originally had the following affixed to the bottom right corner: "© 2016 STEVEN L. MARKOS" (Doc. 1, at ¶ 10). However, in Defendant's publication of the Work on its website, it removed this information (Doc. 1, ¶¶ 35-36; Doc. 1, at 15). Plaintiff never gave Defendant permission to utilize the Work or to remove the CMI (Doc. 1, ¶¶ 17, 19, 35). Accordingly, the undersigned finds that Plaintiff has pled sufficient facts to establish Defendant's liability for removal of CMI.

### D. Relief Requested

Plaintiff requests statutory damages for both counts, a permanent injunction, attorney's fees and costs, and prejudgment interest (Doc. 1, at 7, 8-9; Doc. 12, at 9-15). The undersigned will address each request in turn.

### i.  Statutory Damages for Copyright Infringement

If the court finds that the admitted facts are sufficient to establish liability, the court must then determine the appropriate amount of damages. *See Nishimatsu*, 515 F.2d at 1206; *PetMed Express, Inc. v. MedPets.com*, Inc., 336 F. Supp. 2d 1213, 1216 (S.D. Fla. 2004). Pursuant to 17 U.S.C. § 504, a copyright infringer is liable for either of the following: (1) "actual damages and any additional profits of the infringer," or (2) statutory damages. 17 U.S.C. § 504(a); *see also Jordan v. Time, Inc.*, 111 F.3d 102, 104 (11th Cir. 1997). Regarding actual damages, the statute states:

> The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

17 U.S.C. § 504(b).

Here, Plaintiff has filed a declaration asserting that he would have charged approximately $1,500 per year per photograph for an ongoing commercial advertising use of the Work (Doc. 12-1, ¶ 20). Plaintiff also asserts that it appears that the Work was uploaded to Defendant's website as early as November 2021

(Doc. 12-1, ¶ 17). Plaintiff assumes that the Work was only infringed for a period of one year (Doc. 12, at 10). Nonetheless, Plaintiff argues that Defendant's inaction and refusal to participate in this lawsuit suppressed the information necessary to fully calculate his actual damages (Doc. 12, at 10). Thus, Plaintiff elects to seek an award of statutory damages for Defendant's infringement of the Work (Doc. 12, at 11). *See UMG Recordings, Inc. v. Roque*, 2008 WL 2844022, at *2 (S.D. Fla. July 23, 2008) ("Indeed, because Plaintiffs would have difficulty submitting evidence of actual damages due to Defendant's failure to defend the action, statutory damages offer the Court discretion to enter judgment in spite of the lack of such evidence.").

With regard to statutory damages, Section 504(c) states:

(1) Except as provided by clause (2) of this subsection, the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just. For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work.

(2) In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000. In a case where the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $200. . . .

17 U.S.C. § 504(c). Courts have wide discretion to set an amount of statutory damages. *Cable/Home Commc'n Corp. v. Network Prods. Inc.*, 902 F.2d 829, 852 (11th Cir. 1990).

Plaintiff elects to recover statutory damages for Defendant's infringement and seeks an enhancement of its statutory award based upon the willfulness of such infringement (Doc. 12, at 11). Plaintiff requests an award between an 8x-10x multiplier because he was unable to engage in discovery and thus was unable to discover the full extent of Defendant's use and thus limited to the one-year of actual damages (Doc. 12, at 9-11). Furthermore, Plaintiff argues that his work is extremely difficult to capture (Doc. 12, at 11). As such, Plaintiff requests at least $20,000 pursuant 17 U.S.C. § 504(c)(2) (Doc. 12, at 12).

Willful infringement occurs when the defendant acts "with 'actual knowledge or reckless disregard for whether its conduct infringed upon the plaintiff's copyright.'" *Arista Records, Inc. v. Beker Enterprises, Inc.,* 298 F. Supp. 2d 1310, 1313 (S.D. Fla. 2003) (citing *Original Appalachian Artworks, Inc. v. J.F. Reichert, Inc.*, 658 F. Supp. 458, 464 (E.D. Pa. 1987)). The court may infer that the defendant willfully infringed the plaintiff's copyright as a result of the defendant's default. *Id. Arista Records, Inc.*, 298 F. Supp. 2d at 1313. When awarding increased damages in the context of Section 504(c)(2), "deterrence of future violations is a legitimate consideration" because "defendants must not be able to sneer in the face of copyright owners and copyright laws." *Cable/Home Communication Corp.*, 902 F.2d at 851 (internal quotation omitted); *see also Joe Hand Promotions, Inc. v. Saed*, No.

8:18-cv-2237-T-23TGW, 2019 WL 13082685, at *2 (M.D. Fla. May 2, 2019) (trebling amount of the plaintiff's damages pursuant to § 504(c) where the defendants acted willfully in infringing the plaintiff's copyright and finding that such an award "suffices to prevent unjust enrichment, to repair the plaintiff's injury, and to deter future wrongful conduct by the defendants and others").

Here, Plaintiff asserts that he would license the Work for approximately $1,500 per year and that the Work was uploaded to Defendant's website at least as early as November 2021 (Doc. 12, at 10). Plaintiff argues that he is entitled to an 8x-10x multiplier because Defendant engaged in willful infringement, Plaintiff was unable to engage in discovery, and because his work is difficult to capture (Doc. 12, at 12). However, even if Defendant willfully infringed Plaintiff's copyright, Plaintiff's request is excessive. "Statutory damages are 'not intended to provide a plaintiff with a windfall recovery; they should bear some relationship to the actual damages suffered.'" *Hawaiiweb, Inc. v. Experience Hawaii, Inc.*, 2017 WL 382617, at *7 (N.D. Ga. Jan. 27, 2017) (quoting *Clever Covers, Inc. v. Sw. Florida Storm Def., LLC*, 554 F. Supp. 2d 1303, 1312 (M.D. Fla. 2008)). Plaintiff seeks to recover more than thirteen times the subject licensing fee. Such a request is excessive in light of the fact that Plaintiff alleges a single instance of copyright infringement. Moreover, although the undersigned understands that Plaintiff was limited in its discovery as a result of Defendant's failure to respond, Plaintiff does not assert that Defendant continues to use the Work on its website. Rather, Plaintiff asserts that Defendant removed the Work from the website after Plaintiff notified Defendant of its

infringement (Doc. 12-1, ¶ 18). Furthermore, Plaintiff asserts that Defendant's website featured a rotating home page image (Doc. 12-1, ¶ 17). Thus, the Work was not permanently displayed on the website.

While statutory damages that equal some multiplier of Plaintiff's license fee is appropriate, thirteen times the rate is excessive given the nature of the Work and Defendant's violation. In fact, in a similar case involving Plaintiff and the copyright infringement of a photograph that was part of the same registration collection as the Work here, the court found that Plaintiff's request for a three times scarcity multiplier, four times quality multiplier, and five times multiplier for defaulted defendant's willful was excessive. *Markos v. Yacht Charters of Miami.com, LLC*, No. 19-22284-CV, 2019 WL 8989936, at *3 (S.D. Fla. Oct. 2, 2019) *report and recommendation adopted,* 2019 WL 8989935 (S.D. Fla. Oct. 23, 2019). Instead, the court found that a three times multiplier of Plaintiff's lost license fee was appropriate, in part, because the defaulted defendant had saved the license fee and used the photograph for one year. *Id*. at *3.

Therefore, given that the Court may infer that Defendant willfully infringed Plaintiff's copyright, the circumstances of said infringement, and the nature of the Work, it would be appropriate to find that Plaintiff is entitled to three times the amount Defendant would have paid to use the Work. *See Affordable Aerial Photography, Inc. v. Palm Beach Real Est., Inc.*, No. 20-81307-CIV, 2021 WL 2823270, at *4 (S.D. Fla. July 7, 2021) (rejecting 14x multiplier for aerial photographs taken with a "unique capture technique"); *Schwabel v. HPT Service, LLC*, 2018 WL

4782328, at *4 (M.D. Fla. Sept. 6, 2018) (rejecting, on motion for default judgment, plaintiff's request for statutory award that was fifteen times greater than the subject licensing fee); *Hawaiiweb, Inc.*, 2017 WL 382617, at *7 (rejecting statutory damage request of $50,000.00 on motion for default judgment as excessive). Thus, the undersigned recommends awarding Plaintiff $4,500 in statutory damages for the copyright infringement. Such an award "suffices to prevent unjust enrichment, to repair the plaintiff's injury, and to deter future wrongful conduct by the defendants and others." *Joe Hand Promotions, Inc.*, 2019 WL 13082685, at *2.

### ii. Statutory Damages for Removing CMI

According to 17 U.S.C. § 1203(c), which governs statutory damages for violations of 17 U.S.C. § 1202, a person committing a violation of section § 1202 is liable for either actual damages and any additional profits of the violator, or statutory damages. 17 U.S.C. § 1203(c)(1). Section 1203 states, in relevant part:

> (3) Actual damages.--The court shall award to the complaining party the actual damages suffered by the party as a result of the violation, and any profits of the violator that are attributable to the violation and are not taken into account in computing the actual damages, if the complaining party elects such damages at any time before final judgment is entered.

> (3) Statutory damages.--(A) At any time before final judgment is entered, a complaining party may elect to recover an award of statutory damages for each violation of section 1201 in the sum of not less than $200 or more than $2,500 per act of circumvention, device, product, component, offer, or performance of service, as the court considers just.

> (B) At any time before final judgment is entered, a complaining party may elect to recover an award of statutory damages for each violation of section 1202 in the sum of not less than $2,500 or more than $25,000.

14

17 U.S.C. § 1203 (c)(2)-(3).

Plaintiff seeks statutory damages under § 1203 (c)(3) in the amount of $5,000 (Doc. 12, at 13). Plaintiff argues that loss in value of its copyright and the potential of the Work becoming an orphan work due to the removal of the CMI supports this request (Doc. 12, at 12). In his declaration, Plaintiff avers that the removal of the CMI from the Work greatly impairs the market value of the Work because others competing with Defendant's business or in related business areas will not want to obtain a license to the Work (Doc. 12-1, ¶ 21). Additionally, Plaintiff argues that potential licensees of his copyrighted photographs will not want to pay his license fees if they see other commercial enterprises taking and using his photographs for their own commercial purposes without paying any fee at all (Doc. 12-1, ¶ 21).

Other than Plaintiff's assertions in his declaration, Plaintiff provides no further explanation in support of his request. Plaintiff cites to *Stockwire Research Group, Inc. v. Lebed*, where the court exercised its discretion to award the plaintiffs the maximum statutory damages while only noting the "willful and continuing nature of Defendants' conduct." 577 F. Supp. 2d 1262, 1267 n.8 (S.D. Fla. 2008). Here, nothing in the record suggests that Defendant continues to use the Work, rather, Plaintiff asserts that Defendant removed the Work from the website after Plaintiff notified Defendant of its infringement in December 2021 (Doc. 12-1, ¶ 18; *see also* Doc. 12-1, at 13). Other courts have found that an award of $2,500 per violation is appropriate in similar circumstances. *See McPherson v. Seaduced, LLC*, Case No. 8:14-cv-2315-T-33EAJ, 2015 WL 1811029, at *4 (M.D. Fla. Apr. 21,

2015) ("The Court determines that $2,500.00 per violation [of the DMCA] is appropriate because, although it is the minimum amount authorized by the statute, it is two times the license fee that McPherson would charge had Defendants sought to use her images in a lawful manner."); *Affordable Aerial Photography, Inc. v. Aaron Chandler Constr., Inc.*, No. 20-81185-CV, 2021 WL 2430999, at *4 (S.D. Fla. Mar. 23, 2021) (awarding $2,500 per instance of removal of the CMI although the copyrighted photographs were used over several years); *Schwabel*, 2018 WL 4782328, at *5 (awarding $2,500 for the defendant's single removal of CMI from the photograph on the defendant's website, which represented more than twice the license fee); *Affordable Aerial Photography, Inc. v. Elegance Transportation, Inc.*, No. 6:21-CV-1166-CEM-LHP, 2022 WL 2306182, at *8 (M.D. Fla. Feb. 23, 2022) (recommending an award of $2,500 for a single violation of § 1202 where the plaintiff's license fee was $1,500) *report and recommendation adopted*, 2022 WL 2306516 (M.D. Fla. Mar. 14, 2022).

Accordingly, considering all of the circumstances in this case, the undersigned recommends that Plaintiff recover a total of $2,500 in statutory damages for Defendant's single removal of CMI from the Work on Defendant's website.

### iii.  Injunctive Relief

Section 502 of the Copyright Act states in relevant part:

> Any court having jurisdiction of a civil action arising under this title may, subject to the provisions of section 1498 of title 28, grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright.

17 U.S.C. § 502(a).

A plaintiff seeking a permanent injunction must satisfy the following four-factor test: (1) he has suffered an irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) a remedy in equity is warranted when considering the balance of hardships between the plaintiff and defendant; and (4) the public interest would not be disserved by a permanent injunction. *Angel Flight of Ga., Inc. v. Angel Flight Am., Inc.*, 522 F.3d 1200, 1208 (11th Cir. 2008) (citing *eBay Inc. v. MercExchange*, L.L.C., 547 U.S. 388, 391 (2006)).

Plaintiff requests that the Court enter a permanent injunction enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and from further violating Plaintiff's copyrights by further displaying or distributing the Work with its copyright management information removed (Doc. 1, ¶¶ 32, 39). Plaintiff argues that Defendant's conduct has caused—and any continued infringing conduct will continue to cause—irreparable injury to Plaintiff, such that Plaintiff has no adequate remedy at law (Doc. 12, at 14). For instance, Defendant's unlicensed use of the Work impairs the market value of the Work because competing businesses may be dissuaded from using the Work to market their business (Doc. 12, at 14;

Doc. 12-1, ¶ 21). Additionally, potential licensees of Plaintiff's copyrighted photographs may not want to pay his license fees if they see other businesses taking and using his photographs for their own commercial purposes without paying any fee at all (Doc. 12-1, ¶ 21).

Plaintiff has established that he has suffered an irreparable injury by Defendant's unauthorized use of Plaintiff's Work and its removal of Plaintiff's CMI from the Work. Although the undersigned recommends that Plaintiff is entitled to an award of damages that would sufficiently remedy the injury caused by Defendant's infringement and removal of CMI, remedies at law are inadequate to prevent injury caused by any continued infringement by Defendant. *See McPherson*, 2015 WL 1811029, at *3 ("While the Court is, indeed, awarding damages for past violation of her rights under the copyright laws, McPherson does not have an adequate remedy at law to prevent damage she would suffer by further copyright infringement by Defendants."). Moreover, Plaintiff would endure greater hardship than Defendant if its use of the Work is not enjoined. *See Broadcast Music, Inc. v. Cool Hand Entertainment, LLC*, Case No. 8:15-cv-289-T-36TBM, 2017 WL 3706704, at *6 (M.D. Fla. Mar. 29, 2017) (granting injunctive relief and finding that "Defendants have no right to make commercial use of Plaintiffs' copyrighted works, so injunctive relief would cause Defendants no legally recognizable hardship. But Plaintiffs would sustain hardship, including lost revenue, if Defendants are not enjoined from engaging in the infringing activity."). Finally, the public interest would not be adversely affected if Defendant is enjoined from using the Work. *See*

*Arista Recs.*, 298 F. Supp. 2d at 1314 (entering permanent injunction against defendants with respect to plaintiff's copyright work, including work not yet created and not listed in the complaint); *Affordable Aerial Photography, Inc. v. Villa Valentina Realty LLC*, No. 17-81307-CV-MIDDLEBROOKS/BRANNON, 2018 WL 8129826, at *7 (S.D. Fla. June 7, 2018) (granting virtually identical permanent injunction to plaintiff in substantially similar copyright infringement case). Therefore, the undersigned recommends that the requested injunction be granted.

### iv. Attorney's Fees and Cost[3]

Section 505 of the Copyright Act states:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505. As is the case with all attorney's fees petitions, the moving party has the burden of demonstrating that its fee request is reasonable. *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983). The Supreme Court has put forth a nonexclusive list of factors for the court to consider when determining whether to award attorney's fees to a prevailing party under § 505, including "frivolousness, motivation, objective unreasonableness (both in the factual and legal components

---

[3] Local Rule 7.01 provides for a bifurcated process to determine both entitlement and amount of attorneys' fees and expenses. However, in the interests of judicial efficiency, and given the fact that Defendant is in default, the undersigned has addressed the merits of Plaintiff's requested fees and costs, and respectfully recommends that the Court forgo the procedural mechanism set forth in Rule 7.01 and rule on this issue without additional motions practice.

of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 534 n.19 (1994). Fees and costs of suit are commonly awarded by courts in copyright infringement default cases. *See Arista,* 298 F. Supp. 2d at 1316.

To calculate a reasonable award of attorney's fees, courts multiply the reasonable hourly rate by the reasonable hours expended.[4] *See Hensley*, 461 U.S. at 433; *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The lodestar is calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate. *Norman*, 836 F.2d at 1299 (citation omitted). In determining this lodestar figure, a "reasonable hourly rate" consists of "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299 (citation omitted). In this context, "market rate" means the hourly rate

---

[4] When calculating the reasonably hourly rate and the number of compensable hours that are reasonable, courts in the Eleventh Circuit are guided by the factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (noting that the *Johnson* factors may still "be considered in terms of their influence on the lodestar amount"). The twelve factors set forth in *Johnson*, may also be relevant considerations for determining the lodestar amount: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19. However, these "factors are largely redundant to the lodestar analysis because they are almost always subsumed in the lodestar." *In re Home Depot Inc.*, 931 F.3d 1065, 1091 (11th Cir. 2019).

charged in the local legal market by an attorney with expertise in the area of law who is willing and able to take the case, if indeed such an attorney exists. *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999). The fee applicant bears the burden of establishing the requested rates are in line with the prevailing market rates by producing direct evidence of rates charged in similar circumstances or opinion evidence of reasonable rates. *See Norman*, 836 F.2d at 1299. At a minimum, satisfactory evidence consists of more than the affidavit of the attorney performing the work; instead, "satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits." *Id.*

After determining the reasonable hourly rate, courts must then determine the number of hours reasonably expended on the litigation. In submitting a fee petition, counsel must exercise proper billing judgment and thus exclude any hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434; *Norman,* 836 F.2d at 1301. Accordingly, counsel may not bill any hours to their adversary which they would not bill to their client. *Hensley*, 461 U.S. at 434. Where the time or fees claimed appear expanded or lack documentation or testimonial support, a court may make a fee award based on its own experience and knowledge. *Norman,* 836 F.2d at 1303 (citation omitted).

Plaintiff requests a total of $3,292.50 in attorney's fees and $458.65 in costs (Doc. 12, at 14). Plaintiff supports his request with a declaration from Plaintiff's counsel (*see* Doc. 12-2). Plaintiff seeks rates of $450.00 per hour for attorney Daniel DeSouza, $250.00 per hour for attorney Lauren Hausman, and $125.00 per hour

for paralegal Hali Thomas (Doc. 15-2, ¶ 11, n.1). Mr. DeSouza asserts that he has been a member of the Florida Bar since 2006 and is one of two principal partners at the firm CopyCat Legal PLLC, which specializes in copyright infringement and is representing Plaintiff in this action (Doc. 15-2, ¶ 2). Mr. DeSouza's declaration also includes information regarding his education, qualifications, and experience, along with those of Ms. Hausman (Doc. 15-2, ¶¶ 2-5).

It is well established that the court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees. *See Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002). Having considered the experience of the respective attorneys and the undersigned's knowledge of market rates in the area, the undersigned finds that hourly rates are reasonable.

Next, the undersigned considers whether the number of hours expended by Plaintiff's counsel and paralegal was reasonable. According to Mr. DeSouza's declaration and the attached billing records, Mr. DeSouza spent 4.15 hours on this case, Ms. Hausman spent 5.4 hours on this case, and Ms. Thomas spent .6 hours on this case (Doc. 15-2, ¶¶ 2-5). Mr. DeSouza represents that the time expended in this case by him, Ms. Hausman, and Ms. Thomas included investigating the alleged infringement, drafting an initial notice letter to Defendant, drafting the Complaint, attempting to contact Defendant, and drafting the present motion and attached exhibits and supporting declarations (Doc. 15-2, ¶ 10). Although not mentioned by Plaintiff, the undersigned notes that Plaintiff's counsel also had to serve Defendant

and move the Court for a Clerk's entry of default. Plaintiff's counsel's billing statement, for the most part, reflects the simplicity of this case due to Defendant's failure to appear. Upon review of the billing records and Mr. DeSouza's declaration, the undersigned recommends that the 10.15 hours expended by Plaintiff's counsel and paralegal in prosecuting this action are reasonable. Accordingly, based on the foregoing, the undersigned recommends Plaintiff be awarded a total of $3,292.50 in attorneys' fees.

Plaintiff also seeks $458.65 in costs as follows: $402.00 for the filing fee and $56.65 for service of process on Defendant (Doc. 12, at 14; *see also* Doc. 12-2, at 9-10). In support of this request, Plaintiff relies on Mr. DeSouza's declaration, as well as invoices for the costs incurred (Doc. 12-2, at 9-10).

The filing fee and fees for service of process are recoverable costs. Section 505 permits the court, in its discretion, to "allow the recovery of full costs by or against any party." 17 U.S.C. § 505. Accordingly, the undersigned recommends that Plaintiff be awarded costs in the amount of $458.65.

### v. Prejudgment Interest

In his Complaint, Plaintiff requests an award of prejudgment interest (Doc. 1, at 7, 8). However, Plaintiff provides no argument or authority explaining why it is entitled to such relief. Moreover, Plaintiff does not provide a computation of the prejudgment interest sought. It is Plaintiff's burden, not the Court's, to demonstrate that he is entitled to the relief sought in the Motion. Plaintiff has failed to satisfy that burden with respect to his request for prejudgment interest, and given this

failure, the undersigned recommends that Plaintiff should not be awarded prejudgment interest on the recommended statutory damages. *See McKennon v. NewsCastic, Inc.*, No. 6:18-cv-323-Orl-41DCI, 2018 WL 5847424, at *7 (M.D. Fla. Sep. 7, 2018) (recommending denial of similarly deficient request for prejudgment interest), *report and recommendation adopted*, 2018 WL 5840687 (M.D. Fla. Nov. 8, 2018); *Palm Beach Real Est., Inc.*, 2021 WL 2823270, at *5 (denying prejudgment interest in similar case).

## IV.   Conclusion

Accordingly, it is hereby

RECOMMENDED that Plaintiff's Motion for Default Judgment (Doc. 12) be **GRANTED in part and DENIED in part** as follows:

1. Default judgement be entered in favor of Plaintiff and against Defendant.

2. Defendant and its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all persons in active concert or participation with Defendant, who receive actual notice by personal service or otherwise, be permanently enjoined from:

    a. Directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop, or manufacture any works derived or copied from Plaintiff's copyrights or to participate or assist in any such activity; and/or

b. directly or indirectly reproducing, displaying, distributing, otherwise using, or retaining any copy, whether in physical or electronic form, of any copyrighted photograph owned by Plaintiff.

3. Plaintiff be awarded a total of $7,000 in statutory damages ($4,500.00 for Defendant's violation of 17 U.S.C. § 501 and $2,500.00 for Defendant's violation of 17 U.S.C. § 1202);

4. Plaintiff be awarded attorney's fees in the amount of $3,292.50 and costs in the amount of $458.65; and

5. Deny Plaintiff's Motion in all other respects.

The undersigned also recommends the Clerk be directed to close this case and terminate any remaining deadlines.

IT IS SO REPORTED in Tampa, Florida, this 24th day of February, 2023.

ANTHONY E. PORCELLI
United States Magistrate Judge

**<u>NOTICE TO PARTIES</u>**

A party has fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). **Should the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.**

cc:    Hon. Kathryn Kimball Mizelle
       Counsel of Record