UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEVEN MARKOS,

    Plaintiff,

v.                                         Case No: 8:22-cv-1258-KKM-AEP

THE BIG AND WILD OUTDOORS, LLC,

    Defendant.
_____

## ORDER

Steven Markos moves for default judgment against The Big and Wild Outdoors, LLC. *See* Mot. for Default J. (Doc. 12). The Magistrate Judge recommended that the Court grant the motion in part and deny it in part. R. & R. (Doc. 13).

The fourteen-day deadline for any party to object to the recommendation has passed (with an additional three-days permitted for mailing), and no one has objected. Nevertheless, the Court reviews the Magistrate Judge's legal conclusions de novo. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019) (Steele, J.). After review, the Court concludes that default judgment against The Big and Wild Outdoors, LLC, is appropriate for the reasons the Magistrate Judge stated and awards

monetary relief as recommended. R. & R. (Doc. 13). But Markos is not entitled to an injunction because he has not shown a threat of future harm.

Article III limits the jurisdiction of federal courts to "Cases" and "Controversies," *see TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559 (1992), thereby "confin[ing] the federal courts to a properly judicial role." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). The case-or-controversy requirement permits federal courts to exercise their power only for "the determination of real, earnest, and vital controversy between individuals." *Chi. & Grand Trunk Ry. Co. v. Wellman*, 143 U.S. 339, 345 (1892). The doctrine of standing, which liquidates this constitutional limit, includes the "irreducible constitutional minimum" of three elements: the plaintiff must have suffered an injury in fact, the defendant must have caused that injury, and a favorable decision must be likely to redress it. *Lujan*, 504 U.S. at 560–61.

An injury in fact means "an invasion of a legally protected interest" that is both "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.* at 560 (internal quotation marks and quotations omitted). Relevant here, "the injury-in-fact demanded by Article III requires an additional showing when injunctive relief is sought." *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1328 (11th Cir. 2013). "In addition to past injury, a plaintiff seeking injunctive relief 'must show a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future.'" *Id.* (quoting

2

*Wooden v. Bd. of Regents of Univ. Sys. Of Ga.*, 247 F.3d 1262, 1284 (11th Cir. 2001)). Because Markos asks the Court to enjoin the Defendant's future conduct, he must show "a real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury." *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001) (quotation omitted).

Markos alleges that "any continued infringing conduct will continue to cause[] irreparable injury" and that he has "no adequate remedy at law." *See* Mot. for Default J. at 14. But as the Magistrate Judge explained, Markos "does not assert that Defendant continues to use the Work on its website" and instead "asserts that Defendant removed the Work from the website after Plaintiff notified Defendant of its infringement." R. & R. at 12–13. As such, there are no allegation in the pleadings or his declaration that Big & Wild Outdoors, LLC, will continue to infringe Markos's work. Absent an allegation of future harm, the Court cannot "speculate concerning the existence of standing or 'piece together support for the plaintiff.'" *Cone Corp. v. Fla. Dept. of Transp.*, 921 F.2d 1190, 1210 (11th Cir. 1991) (quoting *Anderson v. City of Alpharetta*, 770 F.2d 1575, 1582 (11th Cir. 1985)). Thus, Markos is not entitled to an injunction because he lacks standing to pursue such relief. Accordingly, the following is **ORDERED:**

1. The Court denies Plaintiff's request for injunctive relief. The Magistrate Judge's Report and Recommendation (Doc. 13) is otherwise **ADOPTED** and made a part of this Order for all purposes.

3

2. Plaintiff's Motion for Default Judgment against The Big and Wild Outdoors, LLC, (Doc. 12), is **GRANTED** in part and **DENIED** in part as specified above.

3. The Court finds Plaintiff is entitled to an award of $7,000 in damages, and further directs the Clerk to **ENTER** judgment in Plaintiff's favor and against Defendant in the amount of $7,000 in statutory damages.

4. The Court finds that Plaintiff is entitled to reasonable attorney's fees and costs. The Court determines Plaintiff is entitled to $3,292.50 in attorney's fees and costs in the amount of $458.65.

5. The Clerk is directed to **TERMINATE** any pending motions or deadlines and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on March 14, 2023.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge