UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEVEN MARKOS,

Plaintiff,

v. Case No. 8:22-cv-1258-KKM-AEP

THE BIG AND WILD OUTDOORS LLC,

Defendant.

_____________________________________/

**REPORT AND RECOMMENDATION AND CERTIFICATION OF FACTS**

This cause comes before the Court upon Plaintiff Steven Markos' ("Plaintiff") Motion to Hold Defendant in Contempt and Impose Sanctions Upon Defendant ("Motion") (Doc. 28).[1] For the reasons set forth below, it is recommended that the Court schedule further contempt proceedings. In connection with this recommendation, I certify the below facts pursuant to 28 U.S.C. § 636(e)(6)(B)(iii) based upon my review of the record and the representations of counsel.

## I. Background

This action arises from Plaintiff's claims against Defendant for copyright infringement and removal of copyright material information (Doc. 1). Defendant failed to timely respond to Plaintiff's Complaint and on July 8, 2022, the Clerk of

---

[1] The Motion has been referred to the undersigned Magistrate Judge for entry of a Report and Recommendation pursuant to 28 U.S.C. § 636(e)(6)(B).

Court entered a clerk's default against Defendant (Doc. 8). Subsequently, Plaintiff filed a Motion for Default Judgment (Doc. 12), which was granted (Docs. 13, Doc. 14). The Court entered judgment in favor of Plaintiff and against Defendant and awarded Plaintiff $7,000.00 in statutory damages, $3,292.50 in attorney's fees, and $458.65 in costs (Doc. 14, at 4; Doc. 15).

To aid in the collection of the judgment, Plaintiff's counsel served Defendant with post-judgment interrogatories and requests for production on March 16, 2023. (Doc. 16, at 1; Doc. 16-1). Plaintiff's counsel asserted that he contacted Defendant to discuss the obligation to respond to the discovery requests, but Defendant did not respond (Doc. 16, at 2). Plaintiff moved to compel Defendant to respond to the discovery requests (Doc. 16). On May 31, 2023, the undersigned held a hearing on Plaintiff's motion, but the Defendant failed to appear (*see* Doc. 19). The undersigned entered an Order directing Defendant to respond to Plaintiff's discovery requests and produce all responsive documents within twenty days from the date of the Order (Doc. 21, at 1). The undersigned also directed Plaintiff to serve the Order to Defendant via certified mail, UPS, or Fed Ex (Doc. 21, at 1). Despite notice to Defendant of the Order (*see* Doc. 22-1), Defendant did not respond to Plaintiff's discovery requests (Doc. 22, at 2). Subsequently, Plaintiff filed a motion for an order to show cause why Defendant should not be held in contempt for failure to comply with the May 31, 2023 Order (Doc. 22). On July 20, 2023, the undersigned entered an order setting a show cause hearing ("Show Cause Order") and directing Defendant's representative to appear in person to show cause why Defendant

should not be sanctioned for failing to comply with a court order (Doc. 23). The undersigned directed the United States Marshals Service to serve a copy of the Show Cause Order upon Defendant and to the attention of the registered agent, Braden Brosig (Doc. 23, at 2). The undersigned noted that if Defendant complied with the May 31, 2023 Order before the show cause hearing, the undersigned would cancel the hearing (Doc. 23, at 2). The United States Marshals Service served Defendant with the Show Cause Order on August 2, 2023 (Doc. 25). On September 12, 2023, the date of the show cause hearing, Defendant failed to appear (Doc. 26). Plaintiff's counsel asked the undersigned to hold Defendant in contempt and the undersigned directed Plaintiff to file a motion requesting such relief, which is now before the court (Doc. 28).

## II. Legal Standard

District courts have the inherent power to enforce compliance with their orders through civil contempt. *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991) (citing *Shillitani v. United States*, 384 U.S. 364, 370 (1966)). "[C]ivil contempt proceeding[s are] brought to enforce a court order that requires [a party] to act in some defined manner." *Chairs v. Burgess*, 143 F.3d 1432, 1436 (11th Cir. 1998) (quoting *Mercer v. Mitchell*, 908 F.2d 763, 768 (11th Cir. 1990)). "The inherent power to enforce compliance through civil contempt is essential to ensure that the judiciary functions properly, and without it, a court's authority to enter judgments would be nothing more than 'a mere mockery.'" *Lustig v. Stone*, No. 15-20150-CIV, 2017 WL 8889841, at *1 (S.D. Fla. Dec. 11, 2017), *report and*

*recommendation adopted,* No. 15-20150-CIV, 2018 WL 1870071 (S.D. Fla. Jan. 9, 2018) (quoting *Gompers v. Buck's Stove & Range Co.,* 221 U.S. 418, 450 (1911)). "The underlying concern giving rise to [the court's] contempt power is not merely the disruption of [judicial] proceedings but rather the disobedience to orders of the judiciary and abuse of the judicial process." *Melikhov v. Drab*, 2019 WL 5176911, at *5 (M.D. Fla. July 1, 2019) (quotation and citation omitted), *report and recommendation adopted*, 2019 WL 4635548 (M.D. Fla. Sept. 24, 2019). Civil contempt sanctions are "avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard." *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994).

Because "civil contempt is a severe remedy," the burden on the movant is "a high one." *In re Roth*, 935 F.3d 1270, 1277 (11th Cir. 2019) (quoting *Taggart v. Lorenzen*, 139 S.Ct. 1795, 1802 (2019)). "A finding of civil contempt — willful disregard of the authority of the court — must be supported by clear and convincing evidence." *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1296 (11th Cir. 2002) (citing *McGregor v. Chierico*, 206 F.3d 1378, 1383 (11th Cir. 2000)). "The clear and convincing evidence must establish that: (1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order." *Id*. (citations omitted). To meet the initial burden for a finding of civil contempt, the movant need only show that the alleged contemnor failed to comply with the court's order. *United States v. Rylander*, 460 U.S. 752, 755 (1983).

Upon the movant's prima facie showing that a violation occurred, the burden shifts to the alleged contemnor to come forward at a show cause hearing with evidence explaining their noncompliance and why a contempt finding should not be found. *Citronelle-Mobile Gathering*, 943 F.2d at 1301. In fact, to avoid contempt, the alleged contemnor must show that he or she either did not violate the court order as alleged or that he or she was "excused" from complying with the order. *Mercer*, 908 F.2d at 768. If the alleged contemnor raises an inability defense, they must offer proof beyond the mere assertions of an inability to comply and, rather, establish that they made in good faith all reasonable efforts to comply but could not do so. *Citronelle-Mobile Gathering,* 943 F.2d at 1301 (internal citation omitted). This "all reasonable efforts" requirement is strictly construed and is not met where the alleged contemnor's efforts were merely "substantial." *Commodity Futures Trading Comm'n v. Wellington Precious Metals, Inc.*, 950 F.2d 1525, 1529 (11th Cir. 1992) (per curiam). If this showing is made, the burden shifts back to the movant to show that compliance was possible. *Id.* Ultimately, the focus of the court's inquiry "is not on the subjective beliefs or intent of the alleged contemnors in complying with the order, but whether in fact their conduct complied with the order at issue." *Howard Johnson Co., Inc. v. Khimani*, 892 F.2d 1512, 1516 (11th Cir. 1990) (citation omitted). Accordingly, "the absence of willfulness is not a defense to a charge of civil contempt." *F.T.C. v. Leshin,* 618 F.3d 1221, 1232 (11th Cir. 2010) (citation omitted).

Magistrate judges have limited authority to address motions for contempt. 28 U.S.C. § 636(e). Magistrate judges have the power to exercise contempt authority

in civil cases where the parties have not consented to final judgment by the magistrate judge and where an act has been found to constitute civil contempt. 28 U.S.C. § 636(e)(3). Specifically, § 636(e)(6)(B)(iii) provides:

> [T]he magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question . . . an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B)(iii). In other words, a "Magistrate Judge must certify the relevant facts to the district judge and serve the alleged contemnor with an order to show cause before the District Judge why he or she should not be held in contempt on the basis of the certified facts." *Brother v. BFP Invs., Ltd.*, No. 03-60129-CIV, 2010 WL 2978077, at *1 (S.D. Fla. June 1, 2010). Thus, "[t]he duty of the magistrate [judge] under this subsection is simply to investigate whether further contempt proceedings are warranted, not to issue a contempt order." *Lapinski v. St. Croix Condo Ass'n, Inc.*, 2018 WL 4381168, at *2 (M.D. Fla. Aug. 1, 2018) (citation omitted). Whether the alleged contemnor's actions justify "the issuance of contempt sanctions is ultimately left to the discretion of the district [judge]." *Id.*; *see also Poser Invs., Inc. v. Ravin Hotels & Invs., LLC*, 2018 WL 6620598, at *2 (M.D. Fla. Oct. 25, 2018) *report and recommendation adopted*, 2018 WL 6620311 (M.D. Fla. Oct. 13, 2018) ("[A] de novo hearing [pursuant to 28 U.S.C. § 636(e)(6)] entails a new proceeding at which

the [contempt] decision is based solely on the evidence freshly presented at the new proceeding.") (citations omitted).

**III. Certified Facts**

Pursuant to the procedure set forth in 28 U.S.C. § 636(e)(6), the undersigned CERTIFIES the following facts in support of a finding of civil contempt against Defendant:

1. On May 5, 2023, Plaintiff moved to compel Defendant to respond to Plaintiff's discovery requests.

2. On May 31, 2023, the undersigned held a hearing on Plaintiff's motion. Defendant failed to appear for the hearing. The undersigned ordered Defendant to respond to Plaintiff's discovery requests and produce all responsive documents within twenty days from the date of the Order.

3. Despite notice to Defendant of the Order, Defendant did not respond to Plaintiff's discovery requests by the Court-ordered deadline.

4. Subsequently, Plaintiff filed a motion for an order to show cause why Defendant should not be held in contempt for failure to comply with the May 31, 2023 Order.

5. On July 20, 2023, the undersigned entered an order setting a show cause hearing and directing Defendant's representative to appear in person to show cause why Defendant should not be sanctioned for failing to comply with the Court's order. The undersigned also directed the United States Marshals Service to serve a copy of the Show Cause Order upon Defendant and to the attention of the

registered agent, Braden Brosig. Defendant was served with the Show Cause Order by the United States Marshals Service on August 2, 2023.

6. On September 12, 2023, the undersigned held a show cause hearing. Defendant failed to appear.

7. Defendant has been served with Plaintiff's post-judgment discovery requests but has failed to respond and has repeatedly ignored this Court's orders directing it to provide complete responses. Defendant has also ignored this Court's orders directing it's representative to appear for a hearing on the motion to show cause. There is no question that Defendant has notice of the outstanding discovery requests and the orders of this Court given that the orders sent to Defendant's address of record have not been returned as undeliverable and the United States Marshals Service personally served Defendant's registered agent.

Based on the above, there is sufficient basis to find that further contempt proceedings are warranted. Plaintiff has met his initial burden by showing that despite the clear and unambiguous language in the Court's orders (*see* Docs. 21, 23), Defendant failed to produce any materials in response to Plaintiff's discovery requests and failed to appear before the court at the September show cause hearing. In addition to failing to comply with the Court's orders, Defendant has failed to offer a sufficient justification for not complying because Defendant has not responded to any of Plaintiff's filings or otherwise appeared in this case. Accordingly, the undersigned recommends that further civil contempt proceedings are warranted. *See also United States v. Boatwright*, 2008 WL 11470844, at *2-3 (M.D.

Fla. Oct. 6, 2008) (civil contempt warranted where defendant was in violation of an unambiguous, lawful order compelling discovery, failed to respond to discovery despite an ability to do so, disregarded an order to show cause regarding a motion for contempt, did not appear for the hearing on that motion, and never explained non-compliance), *report and recommendation adopted*, 2009 WL 10712780 (M.D. Fla. Mar. 27, 2009).

## IV.   Conclusion

Accordingly, it is hereby

1.    RECOMMENDED that the District Judge conduct further civil contempt proceedings to ensure Defendant's compliance with the Court's May 31, 2023 Order (Doc. 21). The undersigned recommends that the District Judge require Defendant to appear before the District Judge (at a date to be determined by a forthcoming order by the District Judge) to Show Cause why Defendant or its registered agent should not be found in contempt by reason of the facts certified herein.

2.    The United States Marshals Service is directed to serve a copy of this Order forthwith upon The Big and Wild Outdoors LLC, c/o Braden Brosig.

3.    The Clerk is directed to mail a copy of this Order to The Big and Wild Outdoors LLC, c/o Braden Brosig.

IT IS SO REPORTED in Tampa, Florida, this 17th day of October, 2023.

ANTHONY E. PORCELLI
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). **Should the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.**

cc:   Hon. Kathryn Kimball Mizelle
      Counsel of Record
      Defendant
      U.S. Marshals Service – Tampa Division